THE DEPARTMENT OF CONSERVATION, Petitioner-Appellant, *v.* CHICAGO & NORTH WESTERN TRANSPORTATION COMPANY, Defendant-Appellee.

Second District   No. 77-71

Opinion filed April 14, 1978.

William J. Scott, Attorney General, of Springfield (Karl Yost, Assistant Attorney General, of counsel), for appellant.

George M. Hollander and Michael W. Payette, both of Chicago, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The Department of Conservation, petitioner-appellant, hereafter the Department, appeals from an order of the circuit court of Jo Daviess County dismissing the Department's petition for condemnation of 19 miles of abandoned railroad right-of-way owned by the defendant-appellee, Chicago & North Western Transportation Company (hereinafter the North Western). The circuit court dismissed the petition for condemnation on the grounds that the title to the right-of-way was in dispute and because the Department had not gotten the prior approval of the Illinois Commerce Commission (hereinafter the Commission) to take the right-of-way by eminent domain as is required by section 2 of "An Act to provide for the exercise of the right of eminent domain" (Ill. Rev. Stat. 1973, ch. 47, par. 2) (hereinafter cited as the Eminent Domain Act).

After reviewing the record and weighing the arguments presented, we are of the opinion that the judgment of the circuit court of Jo Daviess County should be reversed.

This case arises out of the same set of facts that is found in our recent opinion of *Klopf v. Illinois Commerce Com.* (1977), 54 Ill. App. 3d 491, 369 N.E.2d 906. Hence the facts here will be set out only to the extent necessary for the disposition of the case at hand.

This controversy commenced when the North Western contracted to sell 32 miles of abandoned right-of-way to a group of adjacent landowners. The North Western petitioned the Commission for approval of the sale as is required by section 27 of "An Act concerning public utilities" (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 27) (hereinafter cited as the Public Utilities Act). While this petition was pending before the Commission, the Department announced its interest in acquiring 19 of the 32 miles of right-of-way for use as a nature trail. The Department filed a petition seeking permission to take the right-of-way by eminent domain, as is required by section 2 of the Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, par. 2) on November 15, 1973. Some time prior to that date, and with its petition for approval of the sale still pending before the Commission, the North Western deeded the right-of-way to the adjacent landowners. The Commission then had two petitions concerning the same stretch of right-of-way before it. The Commission consolidated the petitions and rendered an order disposing of them on May 15, 1975. That order voided the sale to the adjacent landowners and gave the Department permission to take the 19 miles of right-of-way by eminent domain. On June 3, 1975, the Department filed the petition for condemnation which is the subject of this appeal.

The Commission's order voiding the sale to the adjacent landowners was reversed by the circuit court, but in *Klopf v. Illinois Commerce Com.*

(1977), 54 Ill. App. 3d 491, this court reversed the circuit court and reinstated the Commission's order.

The first issue in this appeal is the question of whether or not the title to the right-of-way was in dispute at the time the petition for condemnation was filed. We find the *Klopf* case to be dispositive of this issue. There we affirmed the Commission's order voiding the purported sale to the adjacent landowners. The purported sale's being void, it had no effect. Therefore the North Western was the sole owner of the right-of-way on the date the petition for condemnation was filed.

Next we turn to the North Western's contention that a final, irreversible order must be entered before the requirements of section 2 of the Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, par. 2) are satisfied. We do not agree with the North Western's interpretation of the statute.

The basic function of the requirement found in section 2 of the Eminent Domain Act, requiring Commission approval before eminent domain proceedings may be instituted against utility property, is to insure that property necessary for utility purposes is not taken. That statutory purpose was satisfied when the Commission order allowing the Department to commence eminent domain proceedings was filed. The only effect delaying the filing of the petition for condemnation until all appeals of the Commission's order have been exhausted would be to delay the date for fixing just compensation, which is the property's fair market value on the date the petition for condemnation is filed. (*Chicago Land Clearance Com. v. Darrow* (1957), 12 Ill. 2d 365, 146 N.E.2d 1.) We find such a delay unnecessary. If the order allowing the use of eminent domain proceedings against the property is appealed, the condemnation proceedings can be stayed. In the event the Commission is reversed, the filing of the petition would become a nullity. If the Commission is affirmed, the public reaps the benefit of obtaining the property at its earlier, and presumably lower, cost.

For the above reasons, the judgment of the circuit court of Jo Daviess County is reversed, and the cause is remanded with instructions to proceed with the condemnation proceedings.

Reversed and remanded with directions.

SEIDENFELD, P. J., and WOODWARD, J., concur.